<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BENJAMIN MOORE & CO.,<br><br>Plaintiff,<br><br>v.<br><br>B.M. MEDITERRANEAN S.A., et al.,<br><br>Defendants. | Civil Action No. 21-04328<br><br>**OPINION**<br><br>October 28, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Plaintiff Benjamin Moore & Co.'s ("Benjamin Moore" or "Plaintiff") Motion for Summary Judgment against Defendant B.M. Mediterranean S.A. ("Mediterranean" or "Defendant"). (ECF 107, "MSJ.") Defendant Mediterranean filed a combined brief opposing Plaintiff's Motion for Summary Judgment and cross-moving for summary judgment. (ECF 114, "Opp.") Plaintiff filed a reply brief. (ECF 118, "Reply.") The Court reviewed all submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's cross-motion is **DENIED**.

I. <u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>[1]

The instant dispute arises out of the relationship between Plaintiff, a New Jersey corporation known for its formulation, manufacturing, and global distribution of paints, stains, and

---

[1] The facts and procedural history are drawn from the Amended Complaint (ECF 48, "FAC."), the parties' submissions regarding undisputed material facts (ECF 107-2, Plaintiff's Statement of Undisputed Material Facts

related products, and B.M. Mediterranean S.A., a Greek corporation. (FAC ¶¶ 1-5.) Plaintiff licenses its products to a select group of independent retailers and licensees ("Authorized Licensees") in over forty-five countries. (*Id.* ¶¶ 13-18.) In January 2013, Mediterranean became one such Authorized Licensee when Plaintiff granted it the right to manufacture, package, advertise, market, demonstrate, promote, and sell certain Benjamin Moore products, as well as use Benjamin Moore names and marks, under a license agreement (the "License Agreement"). (*Id.* ¶¶ 19-21.) The License Agreement called for Mediterranean to pay an annual minimum royalty plus a certain percentage of net sales depending on sales volume. (*Id.* ¶¶ 24-25.) The License Agreement detailed payment timelines, duration, and termination rights. (*Id.* ¶¶ 26-33.)

Plaintiff contends that Mediterranean failed to fully satisfy its payment obligations under the terms of the License Agreement for 2014-2019 and to meet certain sales minimums during the relationship. (*Id*. ¶¶ 35-44.) Following unsuccessful discussions between the parties about Plaintiff potentially acquiring Mediterranean to resolve outstanding debts, Plaintiff notified Mediterranean in writing that it was terminating the License Agreement, effective immediately. (*Id*. ¶¶ 45-50.) Plaintiff contends that it demanded Mediterranean cease and desist activities involving the manufacturing of Benjamin Moore's products and use of Benjamin Moore's names and marks, and that it has yet to satisfy its outstanding payments due under the License Agreement. (*Id.* ¶ 55.)

Plaintiff filed the instant action on March 5, 2021. (ECF 1.) Benjamin Moore moves for summary judgment against Mediterranean on claims for breach of contract (Count I), unjust enrichment (Count III), account stated (Count IV), and declaratory judgment (Count V).[2] (ECF

---

("PSMF"), ECF 114-2, Defendant's Statement of Undisputed Material Facts and Opposition to Plaintiff's Statement of Undisputed Material Facts, ("DSMF"), and ECF 118-1, Plaintiff's Response to Defendant's Statement of Undisputed Material Facts "Resp. SMF"), Plaintiff's brief in support of its motion for summary judgment (ECF 107, MSJ), Defendant's opposition brief (ECF 114, Opp.), and Plaintiff's reply brief. (ECF 118, Reply.)
[2] Plaintiff's claims against Defendant Colorstyle were previously dismissed without prejudice. (ECF 94.) Plaintiff voluntarily dismissed its Lanham Act claims. (ECF 89.) Plaintiff noted that Count II (breach of the implied

107, MSJ.) Benjamin Moore also moves for dismissal of Defendant's counterclaims. (*Id.*) Defendant brought counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory judgment, injunctive relief, misappropriation of trade secrets and confidential information under the New Jersey Trade Secrets Act, N.J. Stat. Ann. § 56:15-1, *et seq.* ("NJTSA"), tortious interference with existing and prospective contractual and business relationships, unjust enrichment, and violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.* ("DTSA"). (ECF 56, "Answer and Counterclaims.") Defendant opposed and filed an untimely counter motion for summary judgment.[3] (ECF 114, Opp.) Plaintiff replied and opposed. (ECF 118, Reply.) The Court allowed Defendant to file a surreply. (ECF 122, "Surreply.")

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted if the movant shows that "there is no genuine issue as to any material fact [and] the moving party is entitled to a judgment as a matter of law." *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on

---

covenant of good faith) was pled in the alternative to Count I (breach of contract) and is not subject to the instant motion for summary judgment. (ECF 107, MSJ at 4 n.1.)

[3] The Court previously granted the parties leave to file dispositive motions by March 19, 2024. (ECF 104.) The Court subsequently denied Defendant's request to extend this deadline. (ECF 106.) Plaintiff timely filed its motion for summary judgment on March 19, 2024. (ECF 107.) After several extension requests to file its opposition brief, Defendant proceeded to file its own counter motion for summary judgment with its opposition on May 2, 2024—well after the dispositive motion deadline. (ECF 114.)

which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."). Thus, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23). Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48.

### III.  **ANALYSIS**

Benjamin Moore moves for summary judgment against Mediterranean on claims for breach of contract (Count I), unjust enrichment (Count III), account stated (Count IV), and declaratory judgment (Count V). (ECF 107, MSJ.) The Court discusses each claim in turn.

#### A.  Breach of Contract and Account Stated

To state a claim for breach of contract under New Jersey law, a plaintiff must establish four elements: (1) the parties entered into a valid contract, (2) the plaintiff performed its contractual obligations, (3) the defendant did not perform its obligations, and (4) the defendant's breach causes the plaintiff to incur damages. *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (quoting *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)); *Lacroe v. M. Fortuna Roofing, Inc.*, No. 14-7329, 2017 WL 431768, at *5 (D.N.J. Jan. 31, 2017). An account stated claim is "essentially a species of contract claim." *Accounteks.Net, Inc. v. CKR Law, LLP*, No. A-1067-20, 2023 WL 3331802, at *8 (N.J. Super. Ct. App. Div. May 9, 2023). To set forth an account stated claim, the plaintiff needs to adequately allege: (1) "the existence of a debt from a transaction or series of transactions memorialized in such a statement"; (2) express or implied mutual agreement on the correctness of the amount between the parties involved; and (3) "a[n express or implied] promise by the debtor to pay that sum." *Accounteks.Net*, 2023 WL 3331802, at *8 (citation omitted). As for the second element, assent can be implied by "failure to object within a reasonable time." *Id*.

Benjamin Moore argues that it is entitled to summary judgment on its breach of contract and account stated claims due to Mediterranean's failure to make required minimum royalty payments from 2014 to 2019, meet net sales amounts agreed upon in the contract, and failure to cease using Benjamin Moore's marks and names after the termination of the License Agreement. (ECF 107, MSJ at 15.) Mediterranean argues, *inter alia*, that Plaintiff failed to assert that there is

no genuine issue as to any material fact, that Mediterranean's use of Plaintiff's names and marks after termination of the agreement was allowed by the agreement, that Mediterranean was excused from performance under the contract pursuant to the force majeure clause of the License Agreement, that Plaintiff's breach of contract claims are beyond the four-year statute of limitations, and claims impossibility of performance. (ECF 114, Opp. 13-17.)

Plaintiff has established that no genuine issue of material fact exists as to the breach of contract and account stated claims. Plaintiff established that the parties entered into a valid contract (ECF 107-2, PSMF ¶¶ 13-14, 17, 28), that Plaintiff performed its contractual obligations (*id.* ¶ 13), that Defendant did not perform its obligations (*id.* ¶¶ 31, 33-35, 37-39, 46 (failed to make required minimum royalty payments); *id.* ¶¶ 36, 39 (failed to meet net sales amounts pursuant to the License Agreement); *id.* ¶¶ 60-61 (failed to cease using Benjamin Moore's marks and names after the termination of the License Agreement)), and that Defendant's breach caused Plaintiff's damages (*id.* ¶ 63). Defendant failed to present the Court with any evidence to dispute any of the preceding evidence. Defendant's Statement of Undisputed Material Facts and Opposition of Plaintiff's Statement of Undisputed Material Facts set forth no evidence that could establish a genuine issue of material fact that would preclude granting summary judgment. (*See* ECF 114-2, DSMF.) Rather, Defendant largely responded to each allegation in a conclusory fashion—citing a "dispute" based on its "defenses and counterclaims." (*Id.*) In a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586. Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan*, 497 U.S. at 888.

Defendant's affirmative defenses of unconscionability,[4] ambiguity, mutual mistake, impossibility/impracticability, commercial frustration were not raised in its Answer and were accordingly waived. *See Elliot & Frantz, Inc. v. Ingersoll-Rand Co.*, 457 F.3d 312, 321 (3d Cir. 2006); *see also Sterten v. Option One Mortg. Corp.*, 479 F. Supp. 2d 479, 484-85 (E.D. Pa. 2007) ("Affirmative defenses are generally waived if not pleaded in the defendant's answer or raised in an appropriate motion."). With respect to the force majeure issue, Defendant argues that the force majeure clause of the License Agreement excused its performance under the contract, particularly due to the economic crisis in Greece and due to the COVID-19 pandemic. (Opp. at 8-9.) The force majeure clause under the License Agreement provides:

> The performance by either party of any covenant or obligation on its part to be performed hereunder shall be excused by floods, strikes or other labor disturbances, riots, fires, accidents, wars, embargoes, delays of carriers, inability to obtain materials, failure of power or of nature sources of supply, acts, injunctions or restraints of government (whether now or threatened) or any cause preventing such performance whether similar or dissimilar to the foregoing, provided that such excuse shall be only to the extent that such non-performance is beyond the reasonable control of the party bound by such covenant or obligation; provided further that the party affected shall exert its best efforts to eliminate or cure or overcome any of such causes and to resume performance of its obligations and covenants with all possible speed.

(ECF 107-9, License Agreement ¶ 17.)

Force majeure clauses are narrowly construed in New Jersey. *Hess Corp. v. ENI Petroleum US, LLC*, 86 A.3d 723, 727 (N.J. Super. Ct. App. Div. 2014). Defendant presents the Court with no affirmative evidence of any qualifying event that would have restricted or prevented it from performing its obligations under the contract; rather, Plaintiff presents evidence that the applicable capital controls implemented in Greece began in 2015 (after Defendant had initially failed to perform its contractual obligations), were limited in nature, and would not have prevented

---

[4] Unconscionability is raised as a defense to the declaratory judgment claim. (ECF 114, Opp. at 6.)

Defendant from "exert[ing] its best efforts to eliminate or cure or overcome any of such causes and to resume performance of its obligations and covenants with all reasonable speed." (ECF 118-2, Affidavit of Manolis Eglezos.) As such, the Court rejects Defendant's force majeure defense.

With respect to the statute of limitations issue, Defendant argues that the shorter four-year statute of limitations applies to a breach of contract claim for sales of goods that fall under the UCC, citing N.J. Stat. Ann. § 12A:2-725. (Opp. at 15.) Plaintiff argues that the six-year statute of limitations applies, citing N.J. Stat. Ann. § 2A:14-1. (Reply at 18-19.) Plaintiff filed its initial Complaint against Defendant in June 2020 and brought the instant action after COVID-19-related restrictions and delays affecting international service of documents were alleviated.[5] The claims in this action are premised upon the parties' relationship pursuant to the License Agreement, not a contract for a sale of goods. As such, the applicable statute of limitations is the six-year statute of limitations pursuant to N.J. Stat. Ann. § 2A:14-1. *See R.C. Beeson, Inc. v. Coca Cola Co.*, No. 07-4806, 2008 WL 4447106, at *5 (D.N.J. Sept. 26, 2008). Because Plaintiff's breach of contract claims extend back to 2014, and because the claims in the instant action are analogous to the claims in Plaintiff's 2020 complaint, Defendant's statute of limitations defense also fails. As such, the Court **GRANTS** Plaintiff's motion for summary judgment as to its breach of contract and account stated claims.

### B.  Unjust Enrichment

Plaintiff argues that Mediterranean continued to use Benjamin Moore's names and marks after January 9, 2020, in contravention of the terminated License Agreement and Benjamin Moore's termination rights. (MSJ at 16.) Plaintiff argues that because Mediterranean continued to use Benjamin Moore products after January 9, 2020 and sold those products for an additional two

---

[5] Plaintiff's first Complaint against Defendant alleging claims of breach of contract and related theories was dismissed without prejudice due to COVID-related service delays. Case No. 2:20-cv-07211.

years after terminating the License Agreement, these claims fall outside a standard breach of contract claim. (*Id.*) Defendant asserts that pursuant to an oral agreement with Plaintiff, Defendant could continue to sell Benjamin Moore products for an additional twelve months. (Opp. at 17-18.) Defendant accordingly argues that Plaintiff is therefore not entitled to an unjust enrichment claim from January 9, 2020 to December 31, 2021. (*Id.*)

In New Jersey, a plaintiff alleging unjust enrichment must demonstrate: (1) the defendant received a benefit; and (2) retention of that benefit by defendant would work an injustice. *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994). "The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Id.*; *see also Yingst v. Novartis AG*, 63 F. Supp. 3d 412, 417 (D.N.J. 2014).

Here, Plaintiff has established that no genuine issue of material fact exists as to the unjust enrichment claim. Plaintiff established that Plaintiff conferred a benefit on Defendant (PSMF ¶¶ 47-48, 60-61) and that failure of renumeration enriched Defendant beyond its contractual rights (*id.* ¶¶ 47-48, 60-61, 64). Here again, Defendant failed to present the Court with any evidence to dispute any of the preceding evidence in its briefs or in its statement of undisputed facts. Defendant accordingly failed to set forth any evidence to establish a genuine issue of material fact that would preclude granting summary judgment. (*See generally* ECF 114-2, DSMF.) As such, the Court **GRANTS** Plaintiff's motion for summary judgment as to its unjust enrichment claim.

### C. Declaratory Judgment

Plaintiff moves for summary judgment on its declaratory judgment claim that the January 9, 2020 Notice of Termination was a valid and proper termination, and that Mediterranean had no

right to use Benjamin Moore's Names and Marks since January 9, 2020, with the limited exception of selling its remaining inventory during the permissible period. (MSJ at 14.) Defendant asserted affirmative defenses of unconscionability, mutual mistake, and ambiguity with respect to the declaratory judgment claim. (Opp. at 6.) As discussed in Section III.A. *supra*, Defendant waived these defenses when they were not raised in the Answer and Counterclaims. (*See* ECF 56.) Further, Defendant set forth no evidence or arguments pertaining to evidence that would demonstrate a genuine issue of material fact that would preclude granting summary judgment. Plaintiff has demonstrated that no genuine issue of material facts exists that would preclude summary judgment on this claim. Pursuant to the License Agreement and Plaintiff's Statement of Material Facts, Plaintiff's January 9, 2020 Notice of Termination was a valid and proper termination (*see* License Agreement ¶ 16; PSMF ¶¶ 13-15, 20-24, 57-58), and Mediterranean had no right to use Plaintiff's names and marks as of January 9, 2020 with limited exception of selling remaining inventory during the permissible period (PSMF ¶ 15, 25, 48, 60-61). As such, the Court **GRANTS** Plaintiff's motion for summary judgment as to the declaratory judgment claim.

### D. Dismissal of Counterclaims

Benjamin Moore also moves to dismiss Defendant's counterclaims. (MSJ at 20-25.) Defendant brought counterclaims for breach of contract, breach of implied covenant of good faith and fair dealing, declaratory judgment, injunctive relief, misappropriation of trade secrets and confidential information under the New Jersey Trade Secrets Act, N.J. Stat. Ann. § 56:15-1, *et seq.* ("NJTSA"), tortious interference with existing and prospective contractual and business relationships, unjust enrichment, and violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.* ("DTSA"). (ECF 56, Answer and Counterclaims.) Defendant also moves for summary judgment in favor of its counterclaims. (Opp. at 20-21.) Because Defendant presented

no statement of undisputed facts in support of its counter motion for summary judgment and no affirmative evidence in its responsive statement of facts to Plaintiff's motion for summary judgment, the Court finds no evidence outside of conclusory legal assertions to support Defendant's motion for summary judgment. As such, Defendant's counter-motion for summary judgment is **DENIED**. Additionally, because Defendant's counterclaims for breach of contract (counterclaim I), breach of the implied covenant of good faith and fair dealing (counterclaim II), declaratory judgment (counterclaim III), and injunctive relief (counterclaim IV) are all based on the allegation that Plaintiff breached the force majeure clause and unlawfully terminated the contract with Defendant in early 2020, the Court dismisses these counterclaims as moot in light of its granting Plaintiff's motion for summary judgment on its breach of contract, account stated, unjust enrichment, and declaratory judgment claims *supra*. Finally, because Defendant has sufficiently alleged its counterclaims for state and federal trade secrets violations and tortious interference, those claims survive the instant motion.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's Motion for Summary Judgment (ECF 107) is **GRANTED**. Defendant's counter motion (ECF 114) is **DENIED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Stacey D. Adams, U.S.M.J.
        Parties

11